Good morning, Your Honor. May it please the Court, Counsel Dan Maloney, Federal Defender's Office, Reno, Nevada, Ramona Costa, Supervising Attorney, on behalf of Appellant Justice Ray Richardson. To begin, I wanted to talk briefly about the motion to dismiss the SORNA issues. I basically wrote this as a preserve or waive kind of brief. There has been no authority that I've ever been aware of that has supported the defendant in those arguments. With George now off the table, this Court hasn't spoken directly on any of those that I am aware of, although, as counsel pointed out in the 28J letter, nothing about the vacation of George questioned the reasoning of those cases, and this Court did affirm that, George, in Val Varde. So unless the Court has some specific questions about those arguments, that's a snapshot of the law as it stands right now on those issues. None of it that I can find is favorable to the defense, and this Court, of course, is free to address those issues as the Court feels they should be best addressed. So unless there's any questions on the SORNA motion to dismiss issues, I will go ahead and talk about the criminal history point. All right. As far as the criminal history point is concerned, basically have four points to make. The first point would be that the facts matter, different record, different result. When you look at Waheed, I believe it is, I don't know if I'm pronouncing that right, the case that was relied upon in the district court and the case relied upon the government, the burden of proof case. In that case, and I believe it is at page 1016 and 1017, the PSR in that case says, defendant waived counsel and entered a no contest, the plea of no le contendere. So the facts in that case that the Court was dealing with was a pre-sentence report that said defendant had waived counsel, and then defendant didn't present any. The facts in this pre-sentence report are different, very different, and significantly different. The facts are that the pre-sentence report tells us that I looked at the records, nothing here tells me that the man had a lawyer, therefore I am treating it as an uncounseled conviction. So number one, the facts are different. Number two, the pre-sentence report is by and large a factual report in this case. Well, counsel, who bears the burden of proof? Once the government, there's no dispute that he was convicted, right? We don't have a problem there. Yeah, no, we're arguing the. So once it's been conclusively established, as you can see, that the defendant, your client, was convicted, and that's on the record, and then we have the question of who bears the burden of proof that it was an uncounseled or unconstitutional conviction. Doesn't your client bear that proof? Yes, Your Honor, I think that's what he bears. What is his, did he testify? No, he didn't testify, and I think requiring the defendant to testify in that circumstance might raise some Fifth Amendment concerns. Well, I'm not saying that he's required to, but, you know, that's the case in every criminal prosecution. Every time a defendant voluntarily steps forward and testifies, so he doesn't say anything, and what you're saying is that we should just assume that it was an uncounseled? I'm saying the facts matter, and the facts in Waheed were a statement in the pre-sentence report. He waived counsel. The facts here are the records we have, when they show counsel, we put that they list counsel. When they don't tell us anything, we say they don't tell us anything, and we treat that as an uncounseled conviction. Didn't the pre-sentence report say we can't tell one way or the other? Yeah, it says all the records we look at don't show the matter. But where does that leave us? Then that leaves us with your client bearing the burden of proof. And all we have is the pre-sentence. And so, obviously, we're relying upon the pre-sentence report. And the pre-sentence report, from our standpoint, when you look at it, it says, check the records. The records don't show that the man had an attorney. We're treating it as an uncounseled conviction. And then the third point on that issue is that ultimately the burden of proof, Park v. Raley, is based on a presumption of regularity. If you look at the presumption of regularity in this case, somewhat ironically, the presumption of regularity cuts both ways. If we presume that the Reno Municipal Court followed Nevada state law, and according to the presumption of regularity we do, the man did not have a lawyer because they would not appoint a lawyer for a simple misdemeanor as that. And that's another, as a factual matter, when you put the pre-sentence report that's different than Waheed, together with the fact that under controlling state statute he wouldn't have been entitled to a lawyer, that's where we say there's enough there to show that it's constitutionally defective. And it was treated as such. And the jail time issue then would be the other issue, and I don't think anybody has any questions or anything about that. Thank you, counsel. Good morning. May it please the Court. Good morning, counsel. Elizabeth Olsen-White for the United States. On the criminal history point, I guess I agree with Judge Ezra. I believe the point that Judge Ezra was making is that under this circuit's law, once the government proves the fact of the conviction, which is not contested in this case, the burden rests on the defendant to show that the conviction was unconstitutional. And here the defendant simply offered nothing to carry that burden. What about his assertion that there is this state statute that appears to say that with respect to this class of misdemeanors, you don't get a lawyer? That's not how I read the statute, and this wasn't raised in the district court, so there wasn't any fleshing out of that claim. But the statute that the defendant refers to is a state law that says that for gross misdemeanors, let me see, it says that for gross misdemeanors and felonies, defendants are entitled to appointed counsel from the initial appearance through the appeal, unless the defendant waives such appointment. Now, that to me means that in all cases with gross misdemeanors and felonies, the defendant is entitled to counsel, and that would be whether there's a sentence of imprisonment or not. Was his conviction a gross misdemeanor? It was. I don't think so, was it? I think it was a simple misdemeanor. Not so. There was a battery. It was two charges. He was sentenced for two charges at once. There was a battery and then a failure to appear. And for the battery charge, he received a $300 fine. And the failure to appear, he was sentenced to time served. And I believe that that's just a simple misdemeanor. But this statute that guarantees counsel from initial appearance through appeal for gross misdemeanors and felonies doesn't say anything about simple misdemeanors. So you're not saying that it doesn't preclude? I don't. It says nothing about it at all. It neither guarantees nor precludes. It seems to me I remember from law school some kind of phrase about expressio unius, something exclusio exterius. Well, I think that there's a couple ways of looking at this. I mean, what has been well established for many, many years is that if a defendant is going to receive a sentence of imprisonment, they're entitled to counsel regardless of whether it's a simple misdemeanor or a gross misdemeanor or a felony. If they're not going to be sentenced to imprisonment, they don't have that right. Now, with a gross misdemeanor, and so the judge has a choice. When the judge has a defendant in front of him, he can either give him counsel if he intends or is inclined to impose a sentence of imprisonment or not give him counsel, at which point the judge is precluded from giving a sentence of imprisonment. But that can be the judge's choice, except for by operation of this statute. If it's a gross misdemeanor or a felony, even if the judge isn't inclined to give a sentence of imprisonment, the defendant is still entitled to counsel. I see. Now, the fact that that guarantee or that that law does not guarantee simple misdemeanors counsel doesn't mean that they don't get one even, doesn't mean that the Nevada courts are operationally denying misdemeanors their constitutional rights on a regular basis. That flies in the face of this presumption of regularity, which the Supreme Court has acknowledged. So, as I say, this wasn't raised below, and so we don't, we know that. You didn't have counsel. No, I mean, below in this case, when the defendant was challenging this conviction or challenging this criminal history point in this case, this point wasn't raised, and so the district court didn't have an opportunity to flesh it out. But I don't think you can read this statute to make a presumption that the State courts in Nevada are regularly violating misdemeanors constitutional rights. So basically what you're saying, if somebody, like, takes a bag of trash and throws it into an open field and a police officer happens to see him, he gets a citation for doing that, he goes to simple misdemeanor, and they don't have to appoint a lawyer for him, he just gets, pays a fine. Yes. But if the judge, if the statute that prohibits that act allows for a term of incarceration, it might be up to six months if it's a simple misdemeanor, and the judge, you know, if the judge is going to impose a sentence of imprisonment, even time served, then he has to appoint counsel or have the defendant go through the waiver and make sure that the waiver is knowing and voluntary. But I don't think that we can assume from this statute that the State courts in Nevada are just regularly violating misdemeanors constitutional rights. As I say, that flies in the face of this presumption of regularity. The judge doesn't have to decide whether to appoint a lawyer until he decides on the sentence? Well, I think that, I think the Supreme Court said something about that in, it might have been Shelton. Was Shelton the suspended sentence case? I'm sorry, my memory is fuzzy. But I think it is the sentence that makes the, if there is a sentence of imprisonment, that it is that sentence that renders the constitutional violation, if there is a sentence of imprisonment imposed. And so I believe for a simple misdemeanor, if a judge is not contemplating a sentence of imprisonment, I believe they don't have to. Well, the answer, I guess, is yes. It's when the government, when the judge makes up his mind about what the sentence will be, then he appoints the lawyer. If he, I think that if the judge at the beginning of the case contemplates that perhaps at the end of the day when all is said and done, if this defendant is convicted, I may choose to impose a sentence of imprisonment. But at that point, if that is in the judge's contemplation, I think the judge is obligated to either appoint counsel or get a knowing and valid waiver. That's my understanding of. . . And I guess below the, were you counsel below? No, I was not. Oh. So I guess from what I get from plaintiff's, or plaintiff's appellant's counsel, the defendant chose not to put on any evidence at all. Exactly. And, in fact, the question below, I mean the claim below, was that if the government can't prove knowing and valid waiver, this point shouldn't count. And the judge, and we cited Dominguez and Waheed and Allen and those cases and said actually the burden is on the defendant. And the judge said to defense counsel, do you concede that the burden is on you? And defense counsel said, no, I don't. And the judge said, well, do you have any cases to support you? And defense counsel said, no, I don't. So the question was that the defendant did not make a claim in the district court that he had not made a knowing and voluntary waiver. He simply said in the district court, if the government can't prove it, then that criminal history point should not be assessed. Okay. If the Court has any other questions. Thank you, counsel.  Thank you. Thank you. Your Honors, a couple of points. The point that, well, even though the statute says you don't get an attorney for a simple misdemeanor, and the statutes are in the back of the appellate brief, it was a municipal court with a penalty which would have made it a simple misdemeanor under state law. And so our position is that under the statute, the judges don't need to appoint for a simple misdemeanor. In Alabama versus Shelton, as late as 2002, they were still litigating this issue of, well, what happens if we give suspended jail? Can we give suspended jail with no attorney and then come back on day two? So what you're saying is you practice law in Reno? Yes, Your Honor, federal office. Okay. All right. And so what you're saying is that from 2002 until today, the courts in Reno have been violating the Constitution regularly? This condition was in 1993. So I'm saying in 1993 it's very possible that there was a different understanding. I see. And, I mean, this issue is still an ongoing litigation issue, and with the money involved it's a big money issue, too. So, yeah, I don't know. Why didn't the defendant come forward with some, I mean, couldn't he have testified? He can always testify, but he always has the right not to testify. Well, that's not the point. Any defendant in any criminal case has the right not to testify. But if he didn't have a lawyer or some other evidence about not having a lawyer, why wasn't that presented to the district court? The district court relied on the pre-sentence report, Your Honor. Well, it apparently relied on a wrong interpretation of the law, because what was said to the district court was that the government bore the burden, the government doesn't bear the burden, the defendant bears the burden. It wasn't conceded. And then the second part. I understand it wasn't conceded, but it was wrong. Yeah, and the part that I understood was that when you looked at the pre-sentence report, the pre-sentence report treats it as uncounseled. When they have counsel and know there's counsel, they treat them as counsel. They didn't treat it as uncounseled. They said we don't know one way or the other. But it counts as an uncounseled conviction for which no prison time was imposed. And that part turned out to be wrong. They didn't count the other ones, the other misdemeanors, and the government's point, which you seem to be making, would be that they could have counted all of those. Unless the defendant comes up and says I didn't have a lawyer. I'm not saying that I disagree with you. I'm just trying to flush this out because it seems to me like it wasn't flushed out at the district court because it wasn't raised properly. It's possible. It's possible. Admittedly, my litigation strategy here is a little bit different. We rely upon the pre-sentence as a factual and the state statutes to overcome the presumption of regularity. And then one other point, there was at least an indication that there were two sentences. When you count the sentences under the guidelines, or I mean two counts, when you count the sentences under the guidelines, and I think it's 4A1.2A2, but it counts as one sentence because they were both charged in the same instrument and they were both sentenced in a single proceeding. So you don't carve out the battery conviction and the failure to appear conviction. It's just one sentence for purposes of criminal history. And if that one sentence didn't have a counsel misdemeanor, simple misdemeanor imposed, then it should not count in the criminal history and it makes a difference in this guy's calculation. Unless the court has further questions. Thank you. Thank you, sir. The case just argued will be submitted.
judges: Ezra, Reinhardt, Murguia